# EXHIBIT B

Case 3:22-cv-00012-B   Document 1-2   Filed 01/03/22   Page 2 of 15   PageID 9

FILED
11/22/2021 10:36 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-05094-D

| | |
|---|---|
| EZEQUIEL LOPEZ,<br>    PLAINTIFF,<br><br>VS.<br><br><br>THE HOME DEPOT and HD<br>DEVELOPMENT PROPERTIES, L.P.<br>D/B/A THE HOME DEPOT U.S.A., INC.,<br>    DEFENDANTS. | IN THE COUNTY COURT<br><br><br>AT LAW NO. _____<br><br><br><br>DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **EZEQUIEL LOPEZ,** complaining of and about, **THE HOME DEPOT** and **HD DEVELOPMENT PROPERTIES, L.P. D/B/A THE HOME DEPOT U.S.A., INC.** ("Defendants") and for cause of action shows unto the Court the following:

#### I. DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Discovery Level 2. Pursuant to Chapter 47 of the Texas Rules of Civil Procedure, Plaintiff seeks a maximum recovery of over $250,000.00, but not more than $ 1,000,000,000.

#### II. PARTIES AND SERVICE

2.   Plaintiff, **EZEQUIEL LOPEZ** is an individual whose address is 2527 Concordant Trail, Dallas, TX 75237.

3.   Defendant **THE HOME DEPOT** is a foreign profit corporation which may be served with process at the office of its registered agent, **CORPORATION SERVICE COMPANY d/b/a CSC-Lawyers Incorporating Service Company**, located at the following address: 211 E. 7th, Ste.

620, Austin, Texas 78701. Defendant will be served with process via private process server at the above address or wherever he may be found. **Issuance of citation is requested at this time.**

4. Defendant **HD DEVELOPMENT PROPERTIES, L.P. D/B/A THE HOME DEPOT U.S.A., INC.,** is a foreign profit corporation which may be served with process at the office of its registered agent **CORPORATION SERVICE COMPANY d/b/a CSC-Lawyers Incorporating Service Company**, located at the following address: 211 E. 7th, Ste. 620, Austin, Texas 78701. Defendant will be served with process via private process server at the above address or wherever he may be found. **Issuance of citation is requested at this time.**

### III. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over Defendants because said Defendants purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the State of Texas, thereby conferring specific jurisdiction with respect to Defendants.

8. Furthermore, Plaintiff would show that Defendants engaged in activities constituting business in the State of Texas as provided by section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants committed a tort in Texas.

9. Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. FACTS

10.     On or about October 31, 2020, Plaintiff Ezequiel Lopez was an invitee on Defendant's Premises located at 373 E. FM1382, Cedar Hill, Texas 75104. While in the door and window department of Defendant's premises, a store associate named "Elvis" was showing Plaintiff a sliding door when Plaintiff stepped on a nail left on the ground. As a result of Defendant's failure to maintain a safe environment for invitees by maintaining the floors of the premises as well as hire and train employees to maintain these floors, Plaintiff sustained severe injuries.

### V.     PLAINTIFF'S CLAIMS FOR PREMISES LIABILITY AGAINST DEFENDANTS

12.     At all relevant times herein, Defendants had such control over the premises in question that Defendants owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

13.     At all relevant times herein, Plaintiff was an "invitee," as classified under Texas law at the time of the incident in question.  Plaintiff entered Defendants' premises in question for the mutual benefit of Plaintiff and Defendants and/or for a purpose connected with the business of Defendants. Defendants' employee had control of the area where Plaintiff was injured.

14.     Defendant, Defendants' agents, and employees failed to maintain a safe environment by not properly moving shopping carts from one place to another and not adequately paying attention while using the cart tugging machine.

15.      At all times pertinent herein, Defendants, Defendants' agents and employees, who were acting in the scope of their employment, are liable to Plaintiff for their negligent conduct toward the Plaintiff:

   a. In Defendants failing to maintain a safe environment by not removing sharp objects from the floors and keeping the walkways where invitees are present clear of hazards as well as safely store nails or other sharp objects sold or used in the store premises;
   b. In Defendants failing to have appropriate safety procedures for their employees and agents on how to maintain the floors of the premises in a manner safe for

   invitees to walk and to safely store nails or other sharp objects sold or used in the store premises;

c. In Defendants, Defendant's employees and agents failing to use due and reasonable care to avoid creating the dangerous environment that caused Plaintiff severe injuries and damages;

d. In Defendants failing to properly train and supervise its employees and agents, as well as employees and/or agents failing to warn Plaintiff, which proximately caused Plaintiff's injuries and damages;

e. In Defendants, through its employee and/or agents, creating an unreasonable risk of harm by creating a dangerous condition thereby putting Defendants on notice because when an owner or occupier of a premise, or those for whose conduct it is responsible, creates a condition that poses an unreasonable risk of harm, an inference of knowledge may arise that Defendants knew or should have known about the risk of danger to Plaintiff. *Keetch v. Kroger,* 845 S.W.2d 262, 265 (Tex. 1992); *Robledo v. Kroger,* 597 S.W.2d 560 (Tex. Civ. App.–Eastland 1980, writ ref'd n.r.e.); *See Wal-Mart Stores, Inc. v. Diaz*, 109 S.W.3d 584, 589 (Tex. 2003); and

## VI. RESPONDEAT SUPERIOR

16. At all relevant times, Defendants' negligent employees were acting in the scope of their employment with Defendants. Therefore, under the principle of respondeat superior, the masters are liable for their servant's torts.

## VII. DAMAGES FOR PLAINTIFF

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer physical injuries, and to incur the following damages:

  A. Reasonable medical care and expenses in the past;

  B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

  C. Physical pain and suffering in the past;

  D. Physical pain and suffering in the future;

  E. Mental anguish in the past;

  F. Mental anguish in the future;

  G. Loss of earnings in the past;

  H. Impairment in the past;

  I. Impairment in the future;

  J. Loss of earning capacity;

K. Loss of earning capacity in the future; and

L. Past and future disfigurement.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**TRUJILLO & SANCHEZ, P.C.**

/s/ *M. Anziani*
**M. ANDRE ANZIANI**
**SBN – 24095224**
**DAVID L. SANCHEZ**
**STATE BAR NO. 24053461**
500 E. John Carpenter Fwy. 140
Irving, TX 75062
(972) 529-3476 phone/fax
Email: faxes@972lawfirm.com
**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Sanchez on behalf of Matthew Anziani
Bar No. 24095224
faxes@972lawfirm.com
Envelope ID: 59375183
Status as of 11/22/2021 12:12 PM CST

Associated Case Party: EZEQUIEL LOPEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Raquel LeBlanc | | raquel@972lawfirm.com | 11/22/2021 10:36:25 AM | SENT |
| Andre Anziani | | faxes@972lawfirm.com | 11/22/2021 10:36:25 AM | SENT |

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-05094-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

    HD DEVELOPMENT PROPERTIES, L.P. D/B/A THE HOME DEPOT U.S.A., INC.
    REGISTERED AGENT: CORPORATION SERVICE COMPANY D/B/A
    CSC-LAWYERS INCORPORATING SERVICE COMPANY
    211 E. 7TH STREET, SUITE 620
    AUSTIN, TX  78701

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**EZEQUIEL LOPEZ**
*Plaintiff(s)*

VS.

**THE HOME DEPOT; HD DEVELOPMENT PROPERTIES, L.P. D/B/A THE HOME DEPOT U.S.A., INC.**
*Defendant(s)*

Filed in said Court on the 22nd day of November, 2021, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 23rd day of November, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk



By _____, Deputy
      Momodou Bayo



---

**ATTORNEY**

**CITATION**
PLAINTIFF'S ORIGINAL PETITION

**CC-21-05094-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
**Dallas County, Texas**

EZEQUIEL LOPEZ, *Plaintiff(s)*

VS.

THE HOME DEPOT; HD DEVELOPMENT PROPERTIES, L.P. D/B/A THE HOME DEPOT U.S.A., INC., *Defendant(s)*

**SERVE:**
HD DEVELOPMENT PROPERTIES, L.P.
D/B/A THE HOME DEPOT U.S.A., INC.
REGISTERED AGENT: CORPORATION
SERVICE COMPANY D/B/A
CSC-LAWYERS INCORPORATING
SERVICE COMPANY
211 E. 7TH STREET, SUITE 620
AUSTIN, TX  78701

ISSUED THIS
23RD DAY OF NOVEMBER, 2021

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff
M. ANDRE ANZIANI
TRUJILLO & SANCHEZ, P.C.
500 E. JOHN CARPENTER FREEWAY
SUITE 140
IRVING, TEXAS 75062
972-529-3476

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-21-05094-D      County Court at Law No. 4

EZEQUIEL LOPEZ vs. THE HOME DEPOT, HD DEVELOPMENT PROPERTIES, L.P. D/B/A THE HOME DEPOT U.S.A., INC.

**ADDRESS FOR SERVICE:**
REGISTERED AGENT: CORPORATION SERVICE COMPANY D/B/A
CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7TH STREET, SUITE 620
AUSTIN, TX  78701

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to HD DEVELOPMENT PROPERTIES, L.P. D/B/A THE HOME DEPOT U.S.A., INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

**Name**                                           **Date/Time**                                    **Place, Course and Distance from Courthouse**
_____
_____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____
and the cause or failure to execute this process is:

_____
and the information received as to the whereabouts of said defendant(s) being:
_____

Serving Petition and Copy $_____        _____, Officer

Total      $_____                        _____, County, Texas

                                              By:_____, Deputy

                                              _____, Affiant

FILED
12/29/2021 2:14 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-05094-D

| | | |
|---|---|---|
| EZEQUIEL LOPEZ,<br>    PLAINTIFF, | § § § | IN THE COUNTY COURT |
| vs. | § § | AT LAW NO. 4 |
| THE HOME DEPOT and HD<br>DEVELOPMENT PROPERTIES, L.P.,<br>D/B/A THE HOME DEPOT U.S.A., INC.<br>    DEFENDANTS. | § § § § § | DALLAS COUNTY, TEXAS |

**<u>DEFENDANT HOME DEPOT U.S.A., INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION</u>**

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Defendant" herein), incorrectly named and sued as The Home Depot and HD Development Properties, L.P., d/b/a The Home Depot U.S.A., Inc., in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

**I.**
**<u>GENERAL DENIAL</u>**

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

**II.**
**<u>AFFIRMATIVE DEFENSES</u>**

2. By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3. Defendant asserts the doctrine of comparative causation, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based

1

on the Plaintiff's own percentage of fault.

4. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

5. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

6. Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

7. Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

8. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

9. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

10. To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

11. Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

12. Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

13. Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

14. The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and

subsequently occurring injuries and/or conditions that were not Defendant's own creation.

15.     Defendant states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

16.     In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

17.     Defendant asserts the defense of unavoidable accident. The damages Plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

18.     The alleged condition complained of by the Plaintiff was open and obvious to a reasonably prudent person and therefore the Plaintiff either knew or should have known of any alleged deficiencies in the subject property and accepted the same with such knowledge. As a result, Plaintiff's recovery should be barred.

## III.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

                        Respectfully submitted,

                        Hawkins Parnell & Young, LLP

By:   /s/ *Troy D. Helling*
       **TROY D. HELLING**
       State Bar No. 24007340
       thelling@hpylaw.com
       **AMY WELBORN**
       State Bar No. 24012853
       awelborn@hpylaw.com
       **TAYLOR R. YETTER**
       State Bar No. 24102672
       tyetter@hpylaw.com

       2705 Bee Caves Road, Suite 220
       Austin, Texas 78746
       (512) 687-6900
       (512) 687-6990 (Fax)
       -AND-
       4514 Cole Ave., Suite 1225
       Dallas, TX 75205
       (214) 780-5100
       (214) 78-5200 (Fax)

       ATTORNEYS FOR DEFENDANT
       HOME DEPOT U.S.A., INC.

## **CERTIFICATE OF SERVICE**

    I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 29th day of December 2021.

    M. Andre Anziani
    David L. Sanchez
    faxees@972lawfirm.com
    Trujillo & Sanchez, P.C.
    500 E. John Carpenter Fwy. 140
    Irving, Texas 75062

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Debbie Maxey on behalf of Troy Helling
Bar No. 24007340
dmaxey@hpylaw.com
Envelope ID: 60372393
Status as of 12/29/2021 3:33 PM CST

Associated Case Party: EZEQUIEL LOPEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Andre Anziani | | faxes@972lawfirm.com | 12/29/2021 2:14:06 PM | SENT |
| Raquel LeBlanc | | raquel@972lawfirm.com | 12/29/2021 2:14:06 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| M. ANDRE ANZIANI | | faxes@972lawfirm.com | 12/29/2021 2:14:06 PM | SENT |